**Opinion issued April 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00484-CR

———————————

**LESLIE EUGENE YOUNG JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 19030**

---

## MEMORANDUM OPINION

Appellant, Leslie Eugene Young, Jr., was charged by indictment with the offense of aggravated assault with a deadly weapon, enhanced by a prior felony conviction. *See* TEX. PENAL CODE § 22.02(a)(2). Appellant pleaded not guilty to the offense. A jury found appellant guilty of the charged offense. Appellant pleaded

"True" to the enhancement allegation in the indictment, enhancing punishment for the offense from a second-degree felony to a first-degree felony. *See* TEXAS PENAL CODE § 12.42(b). The jury sentenced appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This sentence is within the applicable range. *See* TEXAS PENAL CODE § 12.32. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant filed the form motion for pro se access to the records for his response. *See*

*Kelly v. State*, 436 S.W.3d 313, 320-21 (Tex. Crim. App. 2014). Appellant's motion was granted, and the trial court clerk has certified that the appellate record was sent to appellant. *See id.* at 321 (appellate court should order entity designated to arrange appellant's access to record to report to appellate court when record has been made available to appellant). Appellant did not file a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Zach Coufal must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).